PER CURIAM.
Appellant, the father, seeks review of the amended final judgment establishing his child support obligation at $1,650 per month. We reject the father’s argument that the trial court abused its discretion by refusing to allow him to present additional evidence on rehearing, but we agree with the father that the findings in the amended final judgment do not adequately justify the child support obligation established by the trial court.
Although the record supports the trial court’s finding that the father failed to establish that all of the retained earnings [1] of the S-corporation for which he is the sole shareholder should be excluded from his gross income for child support purposes, the amended final judgment does not include any findings specifying what portion of the retained earnings were included by the court in determining the father’s gross income. Absent such findings, we are unable to meaningfully review the child support obligation established by the trial court to determine whether it is within the guidelines or whether it is a legally permissible deviation from the guidelines.[2] See Valdes v. Valdes, 6 So.3d 731, 732 (Fla. 1st DCA 2009); Karimi v. Karimi, 867 So.2d 471, 473-74 (Fla. 5th DCA 2004).
Accordingly, we reverse the amended final judgment and remand for the trial court to make specific findings indicating how it arrived at the amount of the father’s child support obligation.
REVERSED and REMANDED with directions.
THOMAS, WETHERELL, and RAY, JJ., concur.

. Retained earnings, or undistributed profits, are a corporation’s “accumulated income after dividends have been distributed.” Kusterer v. Kusterer, 933 So.2d 542, 547 (Fla. 1st DCA 2006) (quoting Black’s Law Dictionary 548 (8th ed. 2004)); see also § 61.30(2)(a), Fla. Stat. (providing that gross income for child support purposes includes "[bjusiness income from sources such as ... close corporations”).

. The $1,650 per month obligation is likely a greater than five-percent upward deviation from the guidelines because the child support worksheet attached to the original final judgment provided a guideline amount of approximately $1,400 per month and that amount was based on all (rather than only a portion) of the S-corporation’s retained earnings being included in the father’s gross income. However, we cannot say for sure because the amended final judgment does not include any findings regarding the amount of the father’s gross income and the trial court did not attach a child support worksheet attached to the amended final judgment.